UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN (Green Bay)

UNITED STATES OF AMERICA,
                        Plaintiff,

v.                                      Case No. 23-CR-43

COLTON NELSON,
                        Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

Colton Nelson, by counsel, hereby submits this sentencing memorandum. At paragraph 22 of the plea agreement, the government agrees to recommend the mandatory minimum sentence of 60 months. *See also* PSR @ ¶ 9. Mr. Nelson is asking the Court to impose the same sentence, essentially making this a joint recommendation. Mr. Nelson has no prior record and has always been a productive member of society and has been participating in counseling since his arrest in this case. Even while out on bond, pending sentencing, Mr. Nelson has gone out of his way to help his parents, grandparents and other extended family. He has continued to make the most of a very difficult and challenging situation.

In a case like this, there are many reasons to argue as to why the mandatory minimum is too high. However, it is the law and the lowest sentence the Court can impose, so that is what Mr. Nelson is requesting the Court impose. Friends and family of Mr. Nelson have provided letters of support which were provided to the PSR writer and are also attached here.

Mr. Nelson requests the Court allow him to self-surrender for his sentence and that the court put off self-surrender until after October 31st, 2023. This request is based on a number of things:

First, and most significantly, allowing Mr. Nelson to self-surrender would allow him to have contact with less people, because it would not require transport by the United States Marshals or the Bureau of Prisons. Going to one designated institution, rather than many jails and other prisons along the way, limits Mr. Nelson's exposure to others and allows protection for himself and others.

Second, while we are no longer officially in the Covid pandemic, there is still a concern for the spread of Covid and other illnesses in correctional facilities, as a person is transported to multiple jails and prisons.

Third, self-surrender provides Mr. Nelson with a better classification category within the Bureau of Prisons. For someone entering prison for the first time, that is extremely significant.

Fourth, allowing a self-surrender date after October 31st, 2023, allows Mr. Nelson to continue helping his family and participate in treatment and counseling that is specific to the issues that led to this case.

Finally, fifth, Mr. Nelson has been on pre-trial release since February 28th, 2023, and has no violations of his conditions of release.

For all these reasons, Mr. Nelson should be allowed to self-surrender to begin serving his sentence in the prison system.

Mr. Nelson requests the Court recommend placement in the Bureau of Prisons consistent with the lowest possible classification level. Based upon review of the appliable guidelines, Mr. Nelson should be classified as "Low." This classification would allow Mr. Nelson to be placed in a Nonresidential Sex Offender Treatment Program. Mr. Nelson respectfully requests that the Court and Bureau of Prisons consider the following, in priority order, for his placement. First, FCI Elkton, OH; Second, FCI Englewood, CO; and, Third, FCI Seagoville, TX. In the event the court or the Bureau of Prisons determines that a lower classification level / lower security level is

appropriate, then Mr. Nelson respectfully requests that the court allow and adopt the lowest level possible and placement in an appropriate facility.

Finally, counsel has reviewed the conditions of supervised release appearing on pages 19-23 with Mr. Nelson. He has no objection to them, based upon the reasons stated therein. Mr. Nelson also agrees to waive reading of the conditions at the time sentence is imposed.

Dated at Neenah, Wisconsin, this 11th day of August, 2023.

HAMMETT, BELLIN & OSWALD, LLC

Electronically signed by:
/s/ Amy L. Menzel

AMY L. MENZEL
Attorney for Defendant
675 Deerwood Avenue
Neenah, Wisconsin 54956
Telephone: (920) 720-0000
Email: amenzel@hboattorneys.com
State Bar No.: 1059552